UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RAY SCAIFE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:04-CV-738 CAN |
| | ) | |
| KAREN ROUSH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION**

This case arises out of allegations of discriminatory sales practices involving real estate in violation of the Fair Housing Act of 1988, 42 U.S.C. § 3600 *et seq*., and the South Bend Municipal Code at 2-127(b).  On December 17, 2004, Defendants Karen Roush and Re/Max 100 (collectively known at "Re/Max") filed a motion to dismiss for lack of subject matter jurisdiction.  On January 24, 2005, Defendant Federal National Mortgage Association ("Fannie Mae") filed a motion to dismiss.  This case requires this Court to determine whether the federal thirty day statute of limitations, the state thirty day statute of limitations, or a different statute of limitations applies. On May 13, 2005, this Court conducted an in-court hearing.  Appearing for all Plaintiffs was Aladean Rose.  James Grove appeared for Re/Max, while Thomas Brunner and Evan Stolove appeared for Fannie Mae.  For the reasons announced in open court and set forth below, Re/Max's motion to dismiss [Doc. No. 5] is **GRANTED** and Fannie Mae's motion to dismiss [Doc. No. 16] is **GRANTED IN PART** and **DENIED IN PART**.

**I.    RELEVANT BACKGROUND**

The facts construed most favorably to Plaintiffs as the non-moving party are that Plaintiffs Ray and Dorothy Scaife are African-Americans.  Defendant Roush is a real estate

broker and Re/Max's agent. Roush is also an authorized listing agent for real estate owned and managed by Defendant Fannie Mae. On or around December 3, 2003, Fannie Mae entered into an exclusive listing contract with Re/Max for a piece of real estate located at Lot 97 Belle Village Section C. The list price for the Belle Village property was $19,500.

Around December 8, 2003, Mrs. Scaife met with Roush to discuss purchasing the Belle Village property. Mrs. Scaife made a written offer to purchase the property for $22,200, which was financed through a conventional mortgage. Roush informed Mrs. Scaife that the deadline for submitting bids was 12:00 p.m. on December 8, 2003. On December 9, 2003, Don Kreg, who is not a minority, submitted an offer to purchase the real estate for $22,000 cash. Fannie Mae accepted Kreg's lower cash bid despite the alleged December 8, 2003 deadline. After Fannie Mae accepted Kreg's bid, Roush notified Mrs. Scaife that Fannie Mae had accepted another bid.

On January 14, 2004, the Scaifes filed a charge of discrimination against Roush, Re/Max, and Fannie Mae with the South Bend Human Rights Commission ("SBHRC") alleging that they had been victims of race discrimination in connection with the sale of the Belle Village property because Mrs. Scaife's higher bid was rejected for a lower cash sale bid. After conducting an investigation, on May 21, 2004, SBHRC issued its fact finding and proposed conciliation, finding probable cause for a violation of the South Bend City Ordinance No. 8410-93. The SBHRC, an agency with HUD certification and created under the laws of Indiana, notified Defendants that they had twenty days to opt-out of agency proceedings and have this claim heard by either a state or federal court.

Fannie Mae served its opt-out notice on June 10, 2004, while Re/Max filed its opt-out notice on June 14, 2004.  On December 1, 2004, Plaintiffs, Ray and Dorothy Scaife individually, and SBHRC, filed a complaint against Defendants alleging racial discrimination in violation of the Fair Housing Act of 1988, 42 U.S.C. § 3600 *et seq.* ("FHA") and the South Bend Municipal Code at 2-217(b). Plaintiffs' complaint alleged that Fannie Mae's practice of preferring cash offers over conventional financed offers has a disparate, discriminatory effect upon low income minority persons.  Plaintiffs also alleged that Re/Max perpetuated the discriminatory conduct of Fannie Mae.

On December 17, 2004, Re/Max filed a motion to dismiss alleging that this Court lacked subject matter jurisdiction because Plaintiffs did not file their claim within thirty days of receiving the opt-out notice as required by 42 U.S.C. § 3612(o).  On January 24, 2005, Fannie Mae filed a similar motion to dismiss, but stated that this Court lacked subject matter jurisdiction because Plaintiffs did not file their claim within thirty days of receiving the opt-out notice as required by Ind. Code § 22-9.5-6-13.  In the alternative, Fannie Mae asserted that Plaintiffs' claims should be dismissed because they failed to state a claim upon which relief could be granted.  Parties consented to this Court's jurisdiction on March 24, 2005.  This Court may rule on both motions to dismiss pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.     DEFENDANTS' 12(b)(1) MOTIONS TO DISMISS**

    A.     <u>SBHRC's Claims are Barred by the Thirty Day Filing Requirement</u>

Both Re/Max and Fannie Mae have filed motions to dismiss, alleging that SBHRC's claims are barred because it failed to file a court action within thirty days of receiving the opt-out notifications.  SBHRC contends that it is not required to file an action within thirty days because

3

neither the federal or state statute that require complaints to be filed within thirty days applies in the present situation.  Rather, SBHRC argues that the South Bend ordinance applies and that the ordinance does not have a thirty day filing requirement.

Although Defendants' motions are similar, they cite to different statutes which arguably support their respective positions. Both the federal and Indiana fair housing laws contain nearly identical provisions requiring an entity, either the Attorney General for a federal claim, or the commission, including local agencies, for a state claim, to file a complaint within thirty days of receiving the opt-out notice.   42 U.S.C. § 3612(o) requires that:

> If an election is made under subsection (a) of this section, the Secretary shall authorize, and not later than 30 days after the election is made the Attorney General shall commence and maintain, a civil action on behalf of the aggrieved person in a United States district court seeking relief under this subsection.

Similarly, the Indiana statute provides:

> If a timely election is made under section 13 of this chapter, the commission shall, not later than thirty (30) days after the election is made, file a civil action on behalf of the aggrieved person seeking relief under this section in a circuit or superior court that is located in the county in which the alleged discriminatory housing practice occurred.

Ind. Code § 22-9.5-6-13.

As evidenced by the Defendants' motions and the arguments made at the hearing, this Court must determine which statute governs this case.  However, the similarity of the purposes of these statutes allow this Court to conclude that even absent explicit language in the South Bend Municipal Code, the SBHRC is required to file a claim in court within thirty days of receiving the opt-out notification.

4

B. <u>Analysis</u>

The FHA allows the Secretary of HUD to certify local agencies who have local fair housing laws that are substantially equivalent to the federal laws. 42 U.S.C. § 3610(f)(3). Once an agency is certified, individuals may file complaints alleging violations of both the federal fair housing laws and local ordinances with the certified local agency. <u>See</u> <u>United Farm Bureau Mut. Ins. Co., Inc. v. Metropolitan Human Relations Com'n</u>, 24 F.3d 1008, 1010 (7th Cir. 1994). The Secretary of HUD will defer to the state or local proceedings when a filed complaint is within the jurisdiction of the locality. <u>See</u> 42 U.S.C. § 3610(f)(2).

While a local agency may become a certified HUD agency, the authority to initially create a local agency is found in Ind. Code §§ 22-9-1-12.1; 22-9.5-4-1. These sections provide for the creation of local agencies which can then promulgate rules and enforce regulations that are consistent with the purpose behind Indiana's civil rights' laws. <u>See</u> <u>also</u> <u>United Farm Bureau</u>, 24 F.3d at 1010 (stating that creation of a local civil rights agency was made possible by the Indiana Civil Rights Act). Although broad in scope, the Indiana Code does not give the local agencies the power to enact laws that are inconsistent with the purpose behind the state laws. Like the companion federal laws, Indiana will also defer prosecution of a complaint to a local agency. Ind. Code § 22-9.5-4-8.

SBHRC is a local human rights commission that was initially created under the power established by Ind. Code §§ 22-9-1-12.1 and 22-9.5-4-1. Pursuant to the authority found in the Indiana Code, the City of South Bend adopted a fair housing city ordinance. The ordinance, however, does not contain a limitation for the filing of a civil complaint by the SBHRC. Even though the ordinance is silent on this matter, it must nonetheless be read consistently with the state statute.

After reviewing both the federal and state statutory schemes, this Court concludes that allowing a local agency to file a claim outside of the thirty day period would be inconsistent with the purpose of the fair housing laws.  Under the city ordinance, the SBHRC has more authority to file a claim on an individual's behalf than either federal or state agencies, since both the federal and state laws defer to local agencies to prosecute a claim that falls within the local commission's jurisdiction.  However, both the federal and state laws require their respective agencies, which have substantially equivalent responsibilities and duties as the SBHRC, to file a complaint within thirty days.  This expedited process fosters two goals.  First, after an agency has conducted a preliminary investigation and has determined that probable cause exists, prompt agency action encourages a prompt resolution of the claim, which inures to the benefit of the plaintiffs whose civil rights have allegedly been violated.  Second, the expedited process prevents potential Defendants from being forced to remain in the land of legal uncertainty for an extended period of time while an agency decides if it is going to file a civil action.

As the Indiana Supreme Court persuasively stated when interpreting the Indiana statute in Indiana Civil Rights Commission v. Indianapolis Newspapers, Inc., 716 N.E.2d 943, 947 (Ind. 1999), to allow parties to file claims outside of the thirty day period would leave all parties "...dangling in the uncertainty of laches, waiver, tolling, and related doctrines" and frustrates the enforcement purposes of the civil rights laws.  Id. (stating that the timing requirement "...obviously reflects a legislative policy to move these matters along. An open-ended time frame for filing by the Commission would frustrate that goal.").  Having a thirty day requirement in which an agency must file a civil claim also furthers enforcement goals because it puts potential individual plaintiffs on notice as to when they need to act in the absence of the commission.  Id.  This reasoning is equally applicable to the present case despite the fact that SBHRC's complaint

6

does not allege a violation of Indiana law.  Because the South Bend ordinance is silent as to when the SBHRC must file a claim, this Court will apply by analogy Indiana's statute of limitations so that the city ordinance is consistent with the state statute.

This conclusion is supported by similar analysis regarding the statute of limitations for individuals in civil rights cases.  In deciding the appropriate statute of limitations for a § 1983 claim, the Supreme Court stated that 42 U.S.C. § 1988 required a court to apply the state's appropriate personal injury statute of limitations.  See generally Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985).  What this Court proposes is akin to adopting the personal injury statute of limitations for individual actions.  However, since the SBHRC is not an individual, this Court applied the relevant state statute for local agencies who file similar claims alleging a violation of state law.[1]  Therefore, this Court concludes that, like the civil rights cases before, applying the applicable state statute of limitations to the federal claim when the federal statute is silent is appropriate.

SBHRC attempts to rebut this conclusion by asserting that since it is a certified HUD agency, it was not required to follow the thirty day requirement because HUD certified the ordinance as substantially equivalent even without the thirty day notification period.  The parties do not dispute, nor does this Court question that SBHRC is a certified local agency whose policies have been found to be substantially equivalent to the FHA.  While the ordinance may be substantially equivalent, this Court is not persuaded that the certification would allow the SBHRC to enact policies that are inconsistent with the purpose behind the fair housing laws.

---

[1]This Court is aware that 28 U.S.C. § 1658 attempts to create a uniform federal statute of limitations for civil actions arising under an act of Congress.  However, 28 U.S.C. § 1658 only applies to causes of actions that were created after 1990.  As the Fair Housing Act created a cause of action allowing local agencies to file federal claims before 1990, 28 U.S.C. § 1658 does not require a four year statute of limitations in this instance.

Consequently, reading the federal, state, and city ordinance in conjunction and after examining the respective public policy principles they collectively seek to advance, this Court concludes that despite the absence of specific language in the South Bend ordinance, the claims for violations of the federal FHA and the South Bend ordinance must be brought by the SBHRC within thirty days of receiving the opt-out notification.  Allowing otherwise creates conflicts between federal, state, and local civil rights' enforcement schemes and would frustrate the purpose behind the fair housing laws.  Therefore, Defendants' motions to dismiss Plaintiff SBHRC are **GRANTED**.

      C.    <u>The Scaifes' Have a Separate Claim which Survives the Rule 12(b)(1) Motions to Dismiss</u>

Plaintiffs correctly argue that even if the SBHRC is dismissed from this case, the Scaifes have an individual claim against the Defendants that remains because the Scaifes, as individuals, were not required to file a complaint within the thirty day time period.  Fannie Mae alleged that the Scaifes should not be allowed to proceed in this action absent the SBHRC because the SBHRC filed the action on behalf of the Scaifes.

While Fannie Mae concedes that individual plaintiffs may intervene in an action initially filed by a human rights agency, or file their own separate case within two years of the alleged discrimination, it argues that the Scaifes did not intervene in this action, but that the SBHRC filed a claim on behalf of the Scaifes.  The Scaifes have asserted an individual claim against the Defendants simultaneous with the SBHRC.  The simultaneous filing of the complaint should not prevent the Scaifes from proceeding on an otherwise viable individual claim that was filed well within the individual statute of limitations.

Although there may be questions as to who can properly represent the Scaifes, because the Scaifes' current counsel is also counsel for the SBHRC, that issue is not currently before this Court. As a result, this Court **DENIES** Fannie Mae's motion to dismiss as it relates to the Scaifes because the Scaifes are entitled to bring an individual action against the Defendants. Because this Court is dismissing the SBHRC from this action and is not sure whether the Scaifes desire to maintain an individual action, this Court now **ORDERS** the Scaifes to file a signed statement indicating whether they wish to proceed in this action solely in their individual capacity and whether they wish to proceed with or without private counsel. This statement must be filed with this Court by **June 10, 2005**.

D.  **FANNIE MAE'S 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Fannie Mae also moved to dismiss Plaintiffs' complaint for failure to state a claim by asserting that Plaintiffs have failed to establish their prima facie case of racial discrimination. At the hearing, Re/Max orally joined in Fannie Mae's motion to dismiss for failure to state a claim.

A.  Rule 12(b)(6) Standard

Fed R. Civ. Pro. 12(b)(6) allows this Court to dismiss a cause of action where a party fails to state a claim upon which relief can be granted. In ruling on a Rule 12 motion, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Notice pleading under Fed. R. Civ. P. 8 is satisfied where a plaintiff provides "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985). In order to properly plead claims of discrimination in the form of adverse disparate impact, the plaintiff need only allege an occurrence of outwardly

9

neutral practices that have significant adverse or disproportionate impact on a protected class. Wallace v. Chicago Housing Authority, 298 F. Supp.2d 710, 722 (N.D. Ill. 2003).

      B.      Plaintiffs' Complaint Alleges Sufficient Facts to State a Claim

In the motion to dismiss, Defendants assert that the Plaintiffs do not allege Defendants intentionally discriminated against Plaintiffs, or that Defendants even knew of Plaintiffs' race. Hence, Defendants argue that Plaintiffs have failed to allege sufficient facts to support a claim of disparate impact. Defendants then argue that Plaintiffs cannot prove that Fannie Mae's policy does not have a legitimate business justification under the standard articulated in Ward's Cove Packing Co. v. Atonio, 490 U.S. 642 (1989).

In Plaintiffs' complaint, they allege that:

> Fannie Mae's policy and practice of preferring cash real estate offers over conventional or other financed offers of equal value has a disparate, discriminatory effect upon low income minority persons who desire to purchase real estate...

Pl. Comp. ¶ 28. Furthermore, Plaintiffs contend that by accepting the lower cash offer of a white purchaser, Defendants refused to sell a dwelling to the Plaintiffs because of race. Finally, Plaintiffs assert that the cash sale preference constitutes a refusal to sell real estate and discrimination in the sale of real estate because of race and in violation of the FHA, specifically 42 U.S.C. § 3603(a) and (b).

Plaintiffs have alleged sufficient facts to withstand a motion to dismiss for failure to state a claim since they have alleged that there was racial discrimination in connection with real estate that is covered under the FHA. In accordance with Wallace, Plaintiffs have alleged an outwardly neutral policy, preferring cash transactions over other forms of financing, which allegedly have a disproportionate impact on a protected class, minorities, in this instance, African-Americans.

While Plaintiffs' complaint does not contain extensive and fact intensive allegations, such an in-depth complaint is not contemplated or required by notice pleading under Rule 8.

In addition, the fact that Plaintiffs have not proven that Defendants did not have a legitimate business reason for preferring cash sales is an issue that is more suitable to disposition on a motion for summary judgment where extrinsic evidence may be submitted. Therefore, this Court concludes that Plaintiffs have alleged sufficient facts to withstand a motion to dismiss for failure to state a claim and Defendants' motion to dismiss based upon failure to state a claim is **DENIED**.

### IV.   CONCLUSION

For the aforementioned reasons, Re/Max's motion to dismiss Plaintiff SBHRC [Doc. No. 5] is **GRANTED**. Fannie Mae's motion to dismiss [Doc. No. 16] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Fannie Mae's motion is granted as it relates to the claims asserted by Plaintiff SBHRC. Fannie Mae's motion is denied as it relates to the claims asserted by the Scaifes, and its motion to dismiss for failure to state a claim. All claims asserted by SBHRC are now **DISMISSED**. SBHRC is no longer a party in this action. Because SBHRC is no longer a Plaintiff in this case, the Scaifes are **ORDERED** to file a signed statement indicating whether they wish to proceed with their individual claims against the Defendants and whether they wish to proceed with or without private counsel. The statement shall be filed with this Court by **June 10, 2005**.

**SO ORDERED.**

Dated this 27th Day of May, 2005.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge