UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAY and DOROTHY SCAIFE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 3:04-CV-738 CAN |
| ) | |
| KAREN ROUSH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

This action arises out of alleged violations of the Fair Housing Act of 1988, 42 U.S.C. § 3600 *et seq.*, and the South Bend Municipal Code at 2-127(b).  On June 9, 2005, Defendants Karen Roush and Re/Max 100 filed a motion to dismiss and motion for attorney's fees.  On June 16, 2005, Plaintiffs filed a motion to amend their complaint.  For the following reasons, Plaintiffs' motion to amend [Doc. No. 51] is **GRANTED** and Defendants' motion to dismiss and motion for attorney's fees [Doc. No. 45] is **DENIED IN PART AS MOOT** and **DENIED IN PART**.

**I.     RELEVANT BACKGROUND**

The facts giving rise to this case are extensively set forth in this Court's May 27, 2005 order.  On December 1, 2004, Plaintiffs Ray and Dorothy Scaife and the South Bend Human Rights Commission ("SBHRC"), filed this action alleging that Defendants had violated the Fair Housing Act of 1988, 42 U.S.C. § 3600 *et seq.*, and the South Bend Municipal Code at 2-127(b). Defendants Roush and Re/Max filed a motion to dismiss for lack of jurisdiction on December 17, 2005, and on January 24, 2005, Defendant Federal National Mortgage Association filed a similar motion.  Defendants contended that this Court lacked subject matter jurisdiction because

the complaint had not been filed within the applicable time limitation.  On May 27, 2005, this Court dismissed the SBHRC as a Plaintiff from this action because any claims that it might have had were time barred.  However, this Court concluded that these time limitations did not preclude Ray and Dorothy Scaife from proceeding in their individual capacities.

On June 9, 2005, Defendants Roush and Re/Max filed a motion to dismiss and motion for attorney's fees.  Defendants assert that Ray Scaife lacks standing because the only allegation that contains Mr. Scaife's name is the contention that he is Mrs. Scaife's husband.  Mr. Scaife did not sign any of the exhibits, nor is he identified as the purchaser.  On June 16, 2005, Plaintiffs filed a motion to amend their complaint.  This Court may rule on all pending motions pursuant to the parties' consent and 28 U.S.C. § 636(c).

**II.     PLAINTIFFS' MOTION TO AMEND**

Fed. R. Civ. P. 15(a) states that leave to amend a complaint "shall be freely given when justice so requires."  Plaintiffs' proposed amended complaint attempts to clarify the relationship between Mr. and Mrs. Scaife and define the injury that Mr. Scaife allegedly suffered.  As this case is still in the early stages of litigation, there is very little, if any, prejudice that Defendants will suffer if Plaintiffs amend their complaint.  Thus, in accordance with Rule 15(a), this Court **GRANTS** Plaintiffs' motion to amend the complaint.  Plaintiffs' amended complaint shall be deemed filed as of today's date.

**III.    DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS**

A.      Defendants' Motion to Dismiss

Defendants' motion to dismiss asserts that Ray Scaife lacks standing.  In Plaintiffs' original complaint, the only time Mr. Scaife was mentioned is in paragraph two when Plaintiffs

2

state that Ray and Dorothy Scaife were husband and wife. However, in Plaintiffs' amended complaint, Plaintiffs clarified the relationship between Ray and Dorothy Scaife and asserted that at all times, Dorothy Scaife was acting as her husband's agent, and that Defendants were aware of this agency relationship. Because Plaintiffs' amended complaint has further defined the Scaifes' relationship and the alleged injury to Mr. Scaife, Defendants' motion to dismiss is **DENIED AS MOOT**.

  B. <u>Defendants' Motion for Sanctions</u>

Defendants also included a motion for attorney's fees in their June 9, 2005 motion.[1] Defendants assert that they should receive the attorney's fees incurred in bringing either the first or second motion to dismiss because "the complaint in this case, while perhaps sloppy, violates Rule 11 of the Federal Rules of Procedure." Defendants contend that Plaintiffs' complaint was "patently frivolous" because it included the SBHRC and Mr. Scaife as Plaintiffs. In citing Rule 11, Defendants' motion is akin to a motion for sanctions.

Before a party may file a motion for sanctions, they must first serve a copy of the proposed motion on opposing counsel. If the opposing party has not corrected the defect within twenty-one days after service, the moving party may then file its motion for sanctions under Rule 11. Fed. R. Civ. P. 11(c)(1)(A). Defendants have not provided any evidence to this Court that it has complied with the twenty-one day notice requirement.

Furthermore, even if Defendants had complied, their motion is meritless. As evidenced by the parties' disagreement over which statute should have governed the SBHRC's claims, the

---

[1] This Court notes that Defendants' motion does not conform with this Court's local rules. Specifically, N.D. L.R. 7.1(b) states that each motion shall be separate. Defendants have combined two motions, a motion to dismiss and a motion for sanctions, into one document. This Court could deny Defendants' motions for non-compliance with the local rules.

SBHRC's claims were not patently frivolous.  Because the South Bend Ordinance was silent as to the timing of the filing of the complaint, Plaintiffs may have legitimately thought that the SBHRC was not time barred from asserting its claims.  In addition, Plaintiffs' claims as they relate to Mr. Scaife are not patently frivolous because Plaintiffs have amended their complaint to clarify the relationship and the alleged injury.  Thus, as Defendants' motion for sanctions is deficient in several aspects, this Court **DENIES** Defendants' motion.

IV.  CONCLUSION

For the aforementioned reasons, Plaintiffs' motion to amend their complaint [Doc. No. 51] is **GRANTED**.  Plaintiffs' amended complaint shall be deemed filed as of today's date.  In addition, Defendants' motion to dismiss and motion for attorney's fees [Doc. No. 45] is **DENIED IN PART AS MOOT** and **DENIED IN PART**.  Specifically, Defendants' motion to dismiss is **DENIED AS MOOT** and Defendants' motion for attorney's fees is **DENIED**.

**SO ORDERED.**

Dated this 23rd Day of June, 2005.

<pre>                                        s/Christopher A. Nuechterlein
                                        Christopher A. Nuechterlein
                                        United States Magistrate Judge</pre>